CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

July 23, 2024

LAURA A. AUSTIN, CLERK
BY:
s/B. McAbee
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Danville Division

---

LOJE WITCHER on behalf of himself and all others
similarly situated,

Plaintiff,

v.

PERFORMANCE LIVESTOCK & FEED
COMPANY, LLC, and
PURINA ANIMAL NUTRITION, LLC,

Defendants.

Case No.  4:24-cv-00028

COLLECTIVE AND CLASS ACTION
DEMAND FOR JURY TRIAL

---

## COMPLAINT

---

Plaintiff Loje Witcher, individually and on behalf of all others similarly situated,

respectfully moves for judgment against Defendants Performance Livestock & Feed Company,

LLC ("PLF") and Purina Animal Nutrition, LLC ("PAN") (individually or collectively

"Defendants") as follows:

## I.    SUMMARY OF ACTION

1.    This is an action for unpaid overtime in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act,

VA Code § 40.1-29.2 ("VOWA").

2.    Plaintiff brings this action as a "hybrid" class and collective action for unpaid

overtime under both federal and state law. Plaintiffs brings this action as a collective action

1

under 29 U.S.C. 216(b), Va. Code §§ 40.1-29(J) and 40.1-29.2, and for the state law claims only, as a class action under Federal Rule of Civil Procedure 23.

3.     Defendants are related entities that market themselves as a joint venture company supplying feed and other animal nutrition products. Plaintiff and similarly situated employees are laborers who perform this work for the benefit of Defendants.

4.     Plaintiff contends that Defendants have violated and continue to violate the FLSA and VOWA by having a policy or practice of failing to include non-discretionary bonuses and similar forms of incentive compensation in calculating overtime rates paid to Plaintiff and similarly situated employees for work in excess of 40 hours per week. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA.

5.     Defendants' policies and/or practices comprising the alleged violations are ongoing.

6.     The **FLSA Collective** is made up of all persons who have been employed by either or both Defendants in any non-exempt position, and were paid non-discretionary bonuses and worked more than 40 hours in at least one workweek, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "Relevant Period").

7.     Plaintiff, on behalf of himself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

8.     The **Virginia Class** is made up of all members of the FLSA Collective who have been employed by either or both Defendants in Virginia at any time during the Relevant Period.

9.    Plaintiff, on behalf of himself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' VOWA violations.

10.   Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and/or class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

11.   This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

12.   The Court has supplemental jurisdiction over the state law VOWA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

13.   Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia. Specifically, Plaintiff worked for Defendants in this division.

14.   Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## III.   PARTIES

15.   Plaintiff Witcher is a resident of Virginia who is and has been employed by Defendants at their livestock feed plant located at 11 Redd Level Plant Rd, Martinsville, VA 24112. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

16.   Defendant Performance Livestock & Feed Company, LLC is a Delaware limited

liability company (according to filings with the Virginia State Corporation) with its principal office located at 11 Redd Level Plant Rd, Martinsville, VA 24112. At all times relevant, this Defendant is and was an "employer" of Plaintiff and similarly situated individuals as defined by the FLSA and VOWA.

17.     Defendant Purina Animal Nutrition, LLC is a Delaware limited liability company (according to filings with the Virginia State Corporation) with its principal office located at 1209 Orange St, Wilmington, DE 19801. At all times relevant, this Defendant is and was an "employer" of Plaintiff and all similarly situated individuals as defined by the FLSA and VOWA.

18.     Plaintiff is informed, believes, and thereon alleges that each Defendant's gross annual sales made or business done is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Each Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

IV.    **EMPLOYER / JOINT EMPLOYER ALLEGATIONS**

19.     Defendant PAN is an employer or joint employer of Plaintiff and all members of the FLSA Collective and the Virginia Class, respectively, within the meaning of the FLSA and the VOWA, respectively.

20.     Defendant PLF is an employer or joint employer of Plaintiff and all members of the FLSA Collective (working at the Martinsville, VA or Lawsonville, NC plants) and the

Virginia Class (working at the Martinsville, VA plant), respectively, within the meaning of the

FLSA and the VOWA, respectively.

21.    Defendants market themselves as a "joint venture company" supplying feed and

other animal nutrition products. *See* https://performancelivestock.com/ (Last visited 7.19.2024).



22.    Upon information and belief, Defendant PAN determines the compensation

policies, or jointly determines compensation policies with Defendant PLF or other PAN

affiliates, including the overtime pay rate policy at issue in this case, that apply to Plaintiff and

all members of the FLSA Collective and Virginia Class. These policies are centralized and

common to Plaintiff and all members of the FLSA Collective and Virginia Class.

23.    Formally or as a matter of practice, Defendants jointly determine, share, or

allocate the ability to direct, control, or supervise the FLSA Collective and Virginia Class,

whether by direct or indirect means. For example, upon information and belief Defendant PAN

dictates or jointly with Defendant PLF and other PAN affiliates dictates generally applicable

policies, including employment and compensation policies; while Defendant PLF or other PAN

affiliates may exercise day-to-day on-site supervision over workers.

24.     Formally or as a matter of practice, Defendants jointly determine, share, or allocate the power to, directly or indirectly, hire or fire members of the FLSA Collective and Virginia Class or modify the terms or conditions of the workers' employment. For example, upon information and belief Defendant PAN dictates or jointly with Defendant PLF and other PAN affiliates dictates generally applicable policies, including employment and compensation policies; while Defendant PLF or other PAN affiliates may exercise day-to-day on-site supervision over workers.

25.     Through shared management and/or a direct or indirect ownership interest, Defendant PAN controls Defendant PLF and Defendant PLF is controlled by and under common control by Defendant PAN. As noted above, the companies market themselves as a "joint venture company."

26.     Upon information and belief, the work performed by the FLSA Collective and Virginia Class is performed on premises owned or controlled by Defendant PAN or its affiliates, independently or in connection with Defendant PLF or other PAN affiliates.

27.     Formally or as a matter of practice, Defendants jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work. For example, upon information and belief, Defendant PAN dictates or jointly dictates the pay policies (including the policies at issue in this case), and directly or indirectly provides facilities, equipment, tools, or materials necessary to complete the work at its facilities, independently or in connection with Defendant PLF or other PAN affiliates.

28.    Upon information and believe, as a "joint venture company", Defendants operate as a single enterprise with centralized payroll policies and practices, and the same overtime pay rate practice at issue is common to all applicable facilities.

## V.    FACTUAL ALLEGATIONS

29.    Defendants are related entities that produce feed and other animal nutrition products at various locations, including plants in Martinsville, VA and Lawsonville, NC.

30.    Defendants market themselves as a "joint venture company" supplying feed and other animal nutrition products. *See* https://performancelivestock.com/.  (Last visited 7.19.2024).

31.    Defendant PAN operates using Defendant PLF at the Martinsville and Lawsonville plants. Upon information and belief, Defendant PAN operates plants at other locations, either independently or using other related entities.

32.    Plaintiff worked for Defendants from approximately 2021 to the present at their Martinsville, VA location. Plaintiff's position is heavy equipment operator. The job duties of the position entailed operating equipment and performing manual labor.

33.    During the Relevant Period, Defendants have had approximately at least 100 or more non-exempt, hourly-pay employees (including equipment operators and other manual labor positions) at their Virginia (more than 60) and North Carolina (more than 40) locations alone, and more such employees including other PAN locations. These similarly situated employees were subject to the same pay policies at issue in this case. ("Laborers").

34.    During the Relevant Period, Defendants paid their Laborers on an hourly basis plus non-discretionary, prearranged bonuses and similar forms of incentive compensation. The FLSA and VOWA required these bonuses and similar forms of incentive compensation to be

included in calculating overtime rates, but Defendants have not complied with that requirement. Affected employees, like Plaintiff, have the claims at issue in this case.

35.    Plaintiff was paid an hourly wage of $21.50 per hour or less during his employment. Other similarly situated employees were also paid on an hourly basis.

36.    Plaintiff and similarly situated non-exempt employees also received nondiscretionary, prearranged bonuses, such as bonuses for attendance, performance, and work completion.

37.    Plaintiff was regularly scheduled to work, and did work, at least 40 hours per week: typically, 8 or more hours per day, Monday through Friday. Other similarly situated employees were scheduled the same or similarly.

38.    Plaintiff and similarly situated employees regularly worked in excess of 40 hours per workweek in multiple workweeks and were subject to the policies and practices described herein that deprived them of full overtime wages.

39.    At all times relevant, Defendants had a policy and practice of omitting non-discretionary bonuses and similar forms of incentive compensation in calculating the overtime rates paid to Plaintiff and similarly situated employees for their on-the-clock overtime work, in violation of the FLSA and VOWA. As a result of this practice, Plaintiff and similarly situated employees received lower overtime pay rates, and therefore fewer overtime wages than they were entitled to receive.

40.    Plaintiff and similarly situated employees were non-exempt employees who received non-discretionary, predetermined bonuses and similar forms of incentive compensation. Plaintiff estimates Defendants have had approximately 100 or more employees within the

relevant time period. The bonuses were paid pursuant to written bonus agreements and/or offers,

typically communicated to Plaintiff and similarly situated employees via email or written policy

in advance. For example, Defendants regularly offered and agreed to pay attendance,

performance, and work completion bonuses of $100 per week, conditioned on meeting

attendance, performance, and/or work completion targets each week. The amounts were

promised in advance. The bonus payments were also offered with enough regularity that

employees came to expect the offer of such payments and the promised amounts.

41.    When calculating overtime compensation, Defendants had and continue to have a

policy and practice of omitting non-discretionary bonuses and other forms of incentive

compensation from the calculation of the overtime rates paid to Plaintiff and similarly situated

employees, in violation of 29 CFR §551.514 of the FLSA (with such violation incorporated into

VOWA).

42.    For example, during the workweek 4/22/24 to 4/28/24, Plaintiff received a $100

attendance/performance/work completion bonus and worked at least 6.4 overtime hours.

Defendants paid Plaintiff an overtime rate based only his then applicable base hourly rate of

$21.50, without including the bonus in calculating the overtime rate.

43.    For an additional example, during the workweek 3/25/24 to 3/31/24, Plaintiff

received a $100 attendance/performance/work completion bonus and worked at least 9.02

overtime hours. Defendants paid Plaintiff an overtime rate based only his then applicable base

hourly rate of $21.00, without including the bonus in calculating the overtime rate.

44.    For an additional example, during the workweek 11/13/2023 to 11/19/2023,

Plaintiff received a $100 attendance/performance/work completion bonus and worked at least

10.05 overtime hours. Defendants paid Plaintiff an overtime rate based only his then applicable base hourly rate of $21.00, without including the bonus in calculating the overtime rate.

45.  For an additional example, during the workweek 3/13/2023 to 3/19/2023, Plaintiff received a $100 attendance/performance/work completion bonus and worked at least 5.48 overtime hours. Defendants paid Plaintiff an overtime rate based only his then applicable base hourly rate of $19.00, without including the bonus in calculating the overtime rate.

46.  For an additional example, during the workweek 9/12/2022 to 9/18/2022, Plaintiff received a $240 non-discretionary bonus and worked at least 11.15 overtime hours. Defendants paid Plaintiff an overtime rate based only his then applicable base hourly rate of $18.00, without including the bonus in calculating the overtime rate.

47.  Other nonexempt employees similarly situated to Plaintiff also received nondiscretionary bonuses and were subject to Defendants' policy and practice of omitting such bonuses and incentive compensation from the calculation of overtime rates.

48.  Defendants knew or should have known that Plaintiff and similarly situated employees were not being paid overtime rates that included their non-discretionary bonuses because this practice is shown on Defendants' pay records, among other evidence.

49.  Plaintiff and similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity.

50.  Based on the nature of Plaintiff's and similarly situated employees' job duties and their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

51.     Defendants willfully violated the FLSA and VOWA by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates paid to Plaintiff and similarly situated employees.

52.     Defendants knowingly failed to pay full overtime wages required by the VOWA within the meaning of Va. Code § 40.1-29(J) and (K) (2021) and § 40.1-29.2 (2021).[1]

53.     Defendants suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without full overtime compensation of 1.5 times their regular rates.

54.     Defendants knew or should have known that its/their policy and/or practice of not paying Plaintiff and similarly situated employees the required full overtime rates for time worked in excess of 40 hours per week violated the overtime provisions of the FLSA and VOWA.

55.     At all relevant times Defendants intended to deprive Plaintiff and similarly situated employees of the overtime pay they were entitled to under the FLSA and VOWA or acted with reckless disregard for Plaintiff's rights under the VOWA and FLSA.

56.     Defendants compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and similarly situated employees.

57.     Defendants'. pay operations are centrally managed as a single enterprise, and employees meeting the FLSA Collective and Virginia Class definitions are subject to common

---

[1] From July 1, 2021 to June 30, 2022, the VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiff seeks triple damages only for the period the 2021 VOWA was in effect.

payroll practices.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. §
216(b) as Representative Plaintiff on behalf of himself and the FLSA Collective.

59.    Defendants employ, and have employed, multiple persons who fit the above
definition who due to Defendants' policies and practices described herein were deprived of the
full required overtime pay for all time they worked in excess of 40 hours each week.

60.    These employees perform, and have performed, work which entitles them to
payment of overtime compensation which they have not received.

61.    Within the past three years, Plaintiff and similarly situated employees were
subject to a common plan or policy of Defendants to avoid paying full overtime wages by
omitting bonuses and similar forms of non-discretionary incentive compensation from the
calculation of overtime rates. Defendants' time records and pay records, among other evidence,
show this policy and practice with respect to employees who fit the above definition.

62.    Defendants compensated, and continue to compensate, those similarly situated to
Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing
similar job functions.

63.    Defendants' pay operations are centrally managed as a single enterprise, and
employees meeting the above definition of the FLSA Collective are subject to common payroll
practices.

64.    Defendants' policy of not paying the required overtime compensation amounted
to a willful or reckless disregard of the employees' rights under the FLSA.

12

65.    Defendants had no good faith basis to believe that omitting bonuses from calculating overtime rates was somehow allowable under the FLSA.

66.    Plaintiff asserts that Defendants' willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

67.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

68.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

69.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

70.    Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and State Laws. Plaintiff's Written Consent Form is attached as Exhibit 1.

## VI.  VIRGINIA CLASS ACTION ALLEGATIONS

71.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.

72.    <u>Numerosity</u>:   Upon information and belief, the Virginia Class is so numerous

that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 60 people who satisfy the definition of the proposed Virginia Class.

73.    Typicality:    Plaintiff's claims are typical of the Virginia Class. The claim is based on Defendants' corporate policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates paid to Plaintiff and similarly situated employees. This is a centralized pay policy and practice determined by Defendants, and applicable to all locations where the Virginia Class worked. Plaintiff and other Virginia Class members were all subject to Defendants' policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates.

74.    Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

75.    Adequacy:    Plaintiff will fairly and adequately protect the interests of the Virginia Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

76.    Commonality: Common questions of law and fact exist to all members of the Virginia Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

      a.    Whether Defendants' policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates violates the

14

VOWA.

      b.     Whether each Defendant is/was an "employer" of Plaintiff and the

Virginia Class within the meaning of VOWA.

      c.     The proper measure of damages sustained by Plaintiff and the Virginia

Class.

      d.     Whether Defendants' allegedly violative policy and practice was willful

and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K).

    77.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

prosecution of actions by or against individual members of the Virginia Class would result in

inconsistent or varying adjudications and create the risk of incompatible standards of conduct for

Defendants. Further, adjudication of each individual member's claim as a separate action would

be dispositive of the interest of other individuals not party to this action, impeding their ability to

protect their interests.

    78.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Virginia Class predominate over any questions only

affecting individual members of the Virginia Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation. Defendants'

common and uniform policies and practices denied the members of the Virginia Class the full

overtime wages to which they are entitled under Virginia law. The damages suffered by the

individual Virginia Class members are small compared to the expense and burden of individual

prosecution of this litigation. In addition, class certification is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent judgments about

Defendants' practices.

79.    Plaintiff intends to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Rule 23 Class are available from Defendants.

80.    Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and class action certification.

81.    Defendants employ, and has employed, multiple persons who fit the Virginia Class definition who due to Defendants' policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

82.    Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendants to avoid paying full overtime wages, by omitting non-discretionary bonuses and similar forms of incentive compensation from the calculation of overtime rates. Defendants' time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

83.    Defendants' pay operations are centrally managed as a single enterprise, and employees meeting the above definition are subject to common payroll practices.

84.    Defendants' policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the VOWA.

85.    Defendants had no good faith basis to believe that omitting bonuses from calculating overtime rates was somehow allowable under the VOWA.

86.     Defendants' policy of not paying the required overtime compensation amount to a knowing failure to pay wages as required by the VOWA.

## VI.    CLAIMS

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
#### (Overtime Violations – Overtime Rate Claim)
#### (On Behalf of Plaintiff and FLSA Collective)

87.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

88.     At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

89.     The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e). *See* 29 C.F.R. § 778.107 *et seq.*; 29 C.F.R. § 778.208, *et seq*.

90.     By failing to include bonuses and similar forms of non-discretionary incentive compensation in calculating overtime rates paid for on-the-clock work, Defendants have violated, and continue to violate the FLSA. Through this practice, Defendants paid and continue to pay these employees lower overtime rates, and therefore less overtime wages than it / they are required to pay under the FLSA.

91.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff seeks damages for himself and all others similarly situated in the amount

of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
### (Overtime Violations – Overtime Rate Claim)
### (On Behalf of Plaintiff and Virginia Class)

93. Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

94. Plaintiff brings this VOWA count as a class action under Federal Rule of Civil Procedure 23, on behalf of himself and the Virginia Class.

95. At all times relevant, the VOWA has required employers to include non-discretionary bonuses and other forms of incentive compensation in calculating overtime rates.

96. The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." VA Code § 40.1-29.2(B) (2021).

97. The 2021 VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e); VA Code § 40.1-29.2(B) (2021). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.

98. Since the 2022 amendments to VOWA, the VOWA has also mirrored

requirements of the FLSA on this issue: "Any employer that violates the overtime pay

requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as

amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay

provisions of such federal act or any related governing case law shall be liable to the employee

for the applicable remedies, damages, or other relief available under the federal Fair Labor

Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29.…" Va.

Code § 40.1-29.2.

99.     By failing to include bonuses and all other non-discretionary eligible

remuneration in calculating the regular rates and overtime rates paid to Plaintiff and similarly

situated employees, Defendants have violated, and continue to violate the VOWA. Through this

practice, Defendants paid and continue to pay these employees lower overtime rates, and

therefore less overtime wages than it /they are required to pay under the VOWA.

100.    By failing to compensate Plaintiffs and similarly situated employees with the full

overtime wages for their overtime hours worked, Defendants have violated, and continues to

violate the VOWA.

101.    Defendants' pay policies and practices and conduct described herein constitute

each Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-

29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

102.    Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount

as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and

prosecuting this claim, as well as "an amount equal to triple the amount of wages due and

reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J)

(2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

**FLSA Relief Requested**

Wherefore, Plaintiff on behalf of himself and all members of the FLSA Collective requests the following Relief against Defendants:

A.    An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.    Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.    Judgment against Defendants for violations of the overtime wage provisions of the FLSA;

D.    Judgment that Defendants' violations as described above were willful;

E.    Money damages for all unpaid overtime wages;

F.    Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiff and similarly situated employees;

G.    Pre-judgment and post-judgment interest;

H.    Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.    Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or

other applicable law; and

J.      Any and all further relief permissible by law.


## Virginia Class Relief Requested

Wherefore, Plaintiff on behalf of himself and all members of the Virginia Class requests the following Relief against Defendants:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiff as representative of the Virginia Class and counsel of record as class counsel;

C.      Unpaid overtime wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

D.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the VOWA;

E.      Judgment against Defendants for violations of the overtime wage requirements of the VOWA;

F.      Judgment that Defendants' violations as described above were willful;

G.      Judgment that Defendants "knowingly failed to pay wages to an employee in accordance with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiff and all similarly situated employees.

H.      Money damages for all unpaid overtime wages;

I.      Liquidated damages in an amount equal to all unpaid wages owed to Plaintiff and

similarly situated employees, and/or triple damages to the full extent allowed by law;

J.    An amount equal to "triple the amount of wages due and reasonable attorney fees and

costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J) (2021);

K.    Pre-judgment and post-judgment interest;

L.    Reasonable attorneys' fees and costs including expert fees expended in the prosecution of

this case and the investigation that preceded it;

M.    Leave to amend to bring additional claims and/or parties, including but not limited to

additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA or

other applicable law; and

N.    Any and all further relief permissible by law.


### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all

claims and issues so triable.


Respectfully submitted,

LOJE WITCHER,
individually and on behalf of all others similarly situated,
By Counsel

/s/   *Zev Antell*
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804.648.4848

Fax: 804-237-0413
Email:  craig@butlercurwood.com
        zev@butlercurwood.com
        samantha@butlercurwood.com


/s/ Timothy Coffield
Timothy Coffield (VSB No. 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133
f: (434) 321-1636
tc@coffieldlaw.com

*Counsel for Plaintiff*